Jackson, *ex dem.* Salisbury and others, *against* Huyck.

The south bounds of Coeyman's patent, are to be taken according to the survey made by order of the proprietors in 1749.

This was action of ejectment. The cause was tried at the Albany sittings, in April, 1800, and a verdict taken for the plaintiff, by consent, subject to the opinion of the court, on the following case:

The plaintiff claimed under a patent to Salisbury and others, dated the 20th of April, 1749, and the defendant under a patent to Coeyman, dated the 26th of August, 1714, the *south* boundary of which is described as "beginning at the mouth of Peter Bronck his creek, and thence up the same until it comes to Coxsackie, and thence up into the woods by a *due west* course, until it is twelve English miles dis-

tant from the mouth of the said creek." In 1749, the proprietors of the patent to Coeyman employed a surveyor to survey their south boundary, who judging that the course was to be a *natural* west course, or a line proceeding west, at right angles from the meridian, assumed the boundary comformably thereto, and run a *magnetic* west nine degrees north, which he calculated at that time would give a *natural* west course, and marked the trees in the line throughout, and it then became the *reputed* south boundary. The north boundary of the patent to Salisbury appears to have been intended to be the same line; and the north *boundaries of two tracts, in a patent to Scott [*65] and others, of the 1st of January, 1770, are expressly bounded on it, where it is described " as an old line of trees, marked as the south bounds of the lands granted to Coeyman." It was admitted that if this line is still to be adhered to, as the south boundary of that patent, then the premises in question will be included in the patent to Salisbury, which will then, as will also the two tracts granted to Scott and others, have the due quantity of land, and the plaintiff will be entitled to recover; but if it is departed from, and the *magnetic* west, as it was in 1714, the time of the patent, is to be taken instead thereof, then the premises in question will be excluded from the patent to Salisbury and others; and that patent, and the two tracts granted to Scott and others, will prove deficient, and the plaintiff cannot recover.

*Spencer*, for the plaintiff.

*Yates* and *Van Vechten*, for the defendant.

LANSING, Ch. J. delivered the opinion of the court. This cause is brought before the court on a case reserved. It depends upon the construction of the south bounds of Coeyman's patent, which is described as running *due west* from the mouth of Coxsackie creek.

It appears the proprietors of the patent of Coeyman directed a survey of it in the year 1749 ; that it was made with an allowance of variation of nine degrees, and trees marked correspondent to the line run, and that from thence it became the reputed south line of Coeyman's patent. How this re-

putation was acquired, and under what other circumstances, does not appear.

It further appears from the case, that the patent under which the lessors claim, is bounded by the south line of Coeyman's patent; that another patent, in 1770, expressly recognized the line run as run for the south line of [*66] Coeyman's *patent, thus combining the assent of government with the location made by the proprietor.

After a lapse of half a century, it would be injurious to the peace of the community to suffer a boundary, so settled, by the express assent of the parties interested in correcting any mistake in the survey, to be disturbed.

The court are, therefore, of opinion, that the defendant must take nothing by his motion.

Rule refused.